PER CURIAM.
Appellant, defendant below, appeals from the judgment and sentence entered by the trial court adjudicating him guilty of murder in the first degree and sentencing him to confinement for life at hard labor in the State Penitentiary. Appellee was the prosecution below.
Appellant, along with a co-defendant, was indicted by the grand jury and charged with the first degree murder of Jacob Ludwig. Subsequently, appellant entered a plea of not guilty by reason of insanity. Thereafter, on March 13, 1975, after examination by disinterested experts appointed by the trial court, the trial court entered an order adjudging appellant competent to stand trial. Then on May 19, 1975, the cause proceeded to a jury trial.
Because his defense was that of insanity at the time of the commission of the crime, appellant did not contest that the crime had occurred or that he had committed the crime. Both appellant and appellee concede that the test currently in use by the Florida courts to determine the issue of insanity, under facts such as in the instant case, is the “M’Naughten Test.” See Anderson v. State, 276 So.2d 17 (Fla.1973); and M’Naughten’s Case, 10 Clark & F. 200, 8 Eng.Rep. 718 (1843).
During the course of the trial, expert witnesses for both appellant and appellee testified about whether or not appellant, pursuant to the M’Naughten test, knew right from wrong at the time of the crime *33 and if he knew the nature and consequences of his actions at the same time. From this testimony and the other evidence adduced during the trial, the jury, after being given the standard jury instruction on insanity, returned its verdict finding appellant guilty of first degree murder as charged. Pursuant to the verdict, the trial court entered its judgment and sentence from which appellant appeals.
The basic point raised on appeal by appellant is that the trial court erred in failing to strike the testimony of Hans Ueli Steiner, M. D., because the testimony was incompetent by virtue of the fact that it was based upon a premise or premises in contradiction to the legal test of insanity, i. e., the M’Naughten test, which is the law in Florida. Appellant contends that he was entitled to a directed verdict upon the issue of his insanity because the sole competent evidence presented on this issue supported a finding of insanity. This latter argument assumes that Dr. Steiner’s testimony was incompetent; if not, the evidence was conflicting and the resulting factual issue was one for the jury to determine.
Appellee contends that the trial court did not abuse its discretion by denying appellant’s motion to strike the testimony of Dr. Steiner, the prosecution’s rebuttal witness, and that there was substantial competent evidence to support the decision of the jury that appellant was sane when he committed the crime.
We have carefully reviewed the record and have concluded that the questioned testimony of Dr. Steiner was in accord with the M’Naughten test for insanity and that the verdict of the jury was supported by substantial competent evidence. Further, we have considered all points in the briefs and arguments of counsel in the light of the prevailing principles of law and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.